IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| **EVAN RANDALL HUGGINS, TR. ©,**<br>c/o 1001 Frederick Rd<br>Catonsville Md [21228]<br><br>         **Plaintiff,**<br><br>    v.<br><br>**ROUNDPOINT MORT. SERV. CORP.** *et al.*,<br>446 Wren Place Rd<br>Fortmill SC 29715<br><br>         **Defendants,** | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 *et seq.*, Defendant RoundPoint Mortgage Servicing Corporation, ("RoundPoint" or "Removing Defendant"), by and through its undersigned counsel, hereby remove the case styled as *Evan Randall Huggins, Tr. © v. RoundPoint Mortgage Servicing Corporation, et al.*, filed in the Circuit Court for Baltimore County, Maryland (the "State Court Action") to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1331 (federal question jurisdiction) and is authorized by 28 U.S.C. §§ 1441 (authorization of removal), and 1446 (procedure for removal). As grounds for removal, Removing Defendant states as follows:

141581.00715/129388283v.2

I. **BACKGROUND**

1. On July 25, 2022, Plaintiff Evan Randall Huggins, Tr. © ("Plaintiff") commenced a civil action by filing by filing a Complaint and Demand for Jury Trial ("Complaint") in the Circuit Court for Baltimore County, Maryland, Case Number C-02-CV-22-002984.

2. Removing Defendant received a copy of the complaint via regular mail on August 12, 2022. This method does not constitute valid service and Removing Defendant reserves the right to challenge service.

3. Plaintiff's Complaint, while not a model of clarity, alleges claims pursuant to the Real Estate Settlement Procedures Act ("RESPA") 12 C.F.R. §§ 1024.35 and, 1026.18. Although not numbered, the purported claims under RESPA appear at pages 5-6 of **Exhibit A**.

II. **THE STATUTORY REQUIREMENTS FOR REMOVAL UNDER FEDERAL QUESTION JURISDICTION ARE MET**

4. Plaintiff avers that Removing Defendant violated the federal Real Estate Settlement Procedures Act, and its implementing regulation 12 C.F.R.. §§ 1024.35, 1026.18 *et seq*. ("RESPA"), *See* Compl., Counts I and II, which appear at pages 5-6 of Exhibit A attached hereto .

5. Because Plaintiff has asserted claims arising under RESPA in the Complaint, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. Each of Plaintiff's causes of action are based on the same set of facts underlying Plaintiff's RESPA claim – namely, that Removing Defendant allegedly failed to adequately respond to Plaintiff's requests under RESPA.

7. Consequently, federal subject matter jurisdiction is proper over the entire case pursuant to 28 U.S.C. § 1441.

### III. ADDITIONAL FACTORS SUPPORTING REMOVAL

8. Removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. The Circuit Court for Baltimore County is located within this District, and there is only one division of this Court. *See* 28 U.S.C. § 88.

10. Removing Defendant first received a copy of the Complaint via regular mail on August 12, 2022, accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

11. Copies of all process and pleadings served upon Defendant are attached hereto as **Exhibit A**.

12. A copy of the Notice of Filing of Notice of Removal, which will be timely filed with the clerk of the state court in which the action is pending and will be served on Plaintiff pursuant to 28 U.S.C. § 1446 (d), is attached hereto as **Exhibit B**.

13. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446 (a).

14. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the claims are properly removed to this Court for all the reasons described above.

15. In the event that Plaintiff seeks to remand this case, or this Court considers remand *sua sponte*, Removing Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

140383.06804/126133580v.1
141581.00715/129388283v.2

WHEREFORE, this action should proceed in the United States District Court for the Maryland.

Respectfully submitted,

Dated:  September 7, 2022

 /s/  Namrata Loomba
Namrata Loomba (Bar No. 1306190185)
BLANK ROME LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
(202) 420-2566 (Office)
(202) 379-9209 (Facsimile)
NLoomba@BlankRome.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2022, I caused a copy of the foregoing to be served on all parties receiving electronic service or by first class mail postage prepaid on the following:

Evan Randall Huggins, Trust
c/o 1001 Frederick Road
Catonsville, MD 21228

                                           */s/ Namrata Loomba*
                                           Namrata Loomba

140383.06804/126133580v.1
141581.00715/129388283v.2